IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACOB ADAM YODER, # 291151, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PHYLLIS MORGAN, *et al.*, )<br>)<br>Respondents. ) | Case No. 2:19cv839-WHA<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jacob Adam Yoder, a state inmate at the Alex City Community Work Center in Alexander City, Alabama, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. # 1. In his petition, Yoder challenges his March 2018 conviction and sentence in the Talladega County Circuit Court for the offenses of first-degree identity theft and third-degree theft of property.

## **DISCUSSION**

Title 28 U.S.C. § 2241(d) allows Yoder to bring his § 2254 habeas petition in either (a) the federal district court for the district wherein he is in custody (the Middle District of Alabama, where the Alex City Community Work Center is located),[1] or (b) the federal district court for the district within which the state court that convicted and sentenced him was held (the Northern District of Alabama, where the Talladega County Circuit Court is located). Section 2241(d) provides that this court "in the exercise of its discretion and in

---

[1] The Alex City Community Work Center is in Alexander City, which is located in Tallapoosa County, Alabama.

furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

The matters complained of by Yoder stem from a conviction and sentence entered by the Talladega County Circuit Court. The records and witnesses relating to these matters are likely to be located in Talladega County. Therefore, this court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Northern District of Alabama for review and disposition.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 18, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of

---

[2] A decision on Yoder's application for leave to proceed *in forma pauperis* (Doc. # 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of November, 2019.

                                      /s/ Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE